# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 5823(97 Cr 888-4) | **DATE** | 12/27/2001 |
| **CASE TITLE** | United States of America vs. Juan Castelan | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because it plainly appears that petitioner is not entitled to relief, the petition is dismissed. Status hearing set for January 2, 2002 at 9:45am. is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | DEC 2 8 2001 date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAH | courtroom deputy's initials | 01 DEC 27 PM 3: 54 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Respondent, | ) |
| vs. | ) No. 01 C 5823 |
| | ) (97 CR 888-4) |
| JUAN CASTELAN, | ) |
| Petitioner. | ) |

DOCKETED
DEC 2 8 2001

MEMORANDUM OPINION AND ORDER

Petitioner seeks relief pursuant to 28 U.S.C. §2255, contending that he was denied effective assistance of counsel at both the trial and appellate levels; that the failure to present the issue of drug quantity to the jury violated Apprendi v. New Jersey, 530 U.S. 466 (2000); and that there was a failure of proof and improper jury instructions. The petition is dismissed.

After admitting both his complicity in two drug transactions and the drug quantities, petitioner decided to contest the charges. He was found guilty after a full trial, and filed an appeal where his conviction was affirmed. He was sentenced to 120 months.

Petitioner, after he was convicted, became dissatisfied with his counsel and complained about him to the court. His complaints continue here. Nevertheless, this court is well aware that he was vigorously defended at trial and that his conviction was affirmed after a full appeal prosecuted by his trial counsel at no expense to petitioner.

Petitioner's specific concerns are that his trial counsel did not stress before the jury that he was but a minor participant, and that his counsel did not argue on appeal that the failure to have the jury determine drug quantity violated Apprendi. Of course counsel did not contend to the jury that petitioner was a minor participant in a drug conspiracy. Petitioner

had plead not guilty, contending that the government could not prove beyond a reasonable doubt that he was a participant at all. Being a minor participant makes him no less guilty of the offense than being a leader, but it can affect length of sentence. And here his trial counsel argued to the court that petitioner was a minimal participant, contrary to the presentence report's conclusion that his conduct was sufficient to negate either a minimal or a minor participant role. We determined that his role was minor, which reduced his minimum sentence to 120 months from a guideline range of at least 135 months. Trial counsel made the argument where it could do petitioner some good, and achieved considerable success.

Nor is there any merit to petitioner's <u>Apprendi</u> claim. He was charged and convicted of, among other offenses, possessing with intent to deliver cocaine in kilogram amounts, in violation of 21 U.S.C. 841(b)(A). That is what the indictment charged and that is what the jury determined. Indeed, if the jury were to find petitioner guilty, as it did, it had to determine that petitioner was involved in a one kilogram or a six kilogram transaction, or both, because there was no evidence of other transactions involving petitioner. Conviction of that offense requires a sentence of 120 months to life. That sentence is the minimum, far less than the maximum. This is therefore not a case in which the court determined drug quantity, and even then quantity is a sentence factor, not an offense factor, when the sentence does not exceed the default statutory maximum, <u>United States v. Nance</u>, 236 F.3d 820, 825 (7th Cir. 2000).

Because it plainly appears that petitioner is not entitled to relief, the petition is dismissed.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 27, 2001.

# United States District Court
## Northern District of Illinois
### Eastern Division

United States of America          **JUDGMENT IN A CIVIL CASE**

v.          Case Number: 01 C 5823

Juan Castelan

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the petition is dismissed.

                                       Michael W. Dobbins, Clerk of Court

Date: 12/27/2001                      _(signature)_
                                         Willie A. Haynes, Deputy Clerk